UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GOMEZ,<br><br>    Petitioner,<br><br>  v.<br><br>FBI,<br><br>    Respondent. | Case No. EDCV 17-2191 JFW(JC)<br><br>ORDER SUMMARILY DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

## I. SUMMARY

On November 13, 2017, petitioner Matthew Gomez, a state inmate proceeding *pro se*, formally filed what the Court construes to be the operative First Amended Petition for Writ of Habeas Corpus ("Petition") challenging a November 2017 state judgment in San Bernardino County Superior Court Case No. FWV17002750.[1] (Petition at 1, 2).

It plainly appears from the face of the Petition and matters as to which this Court has taken judicial notice that petitioner's direct appeal of the judgment in the foregoing state case is currently pending in the California Court of Appeal, and

---

[1] Although it is clear that petitioner is a state inmate challenging a state conviction pursuant to 28 U.S.C. § 2254, he has utilized a form designed for federal inmates to challenge federal convictions under 28 U.S.C. § 2255.

accordingly, that petitioner is not entitled to federal habeas relief on his claims at this time because abstention is appropriate.

As explained below, the Court must dismiss this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II. DISCUSSION

Except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971); see also 28 U.S.C. § 2283. Federal courts may raise Younger abstention sua sponte. See Hoye v. City of Oakland, 653 F.3d 835, 843 n.5 (9th Cir. 2011). Younger abstention is appropriate if: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. Dubinka v. Judges of Superior Ct., 23 F.3d 218, 223 (9th Cir. 1994) (quotations and citations omitted). In this case, all three of the Younger criteria are satisfied.

First, this Court takes judicial notice of the dockets of San Bernardino County Superior Court/Rancho Cucamonga Criminal Case No. FWV17002750 (available via https://portal.sb-court.org) and the California Court of Appeal, 4th Appellate District, Case No. E069490 (available via http://appellatecases.court info.ca.gov) which reflect that (1) on November 3, 2017, petitioner was sentenced to three years in prison for a violation of California Penal Code section 30305(a)(1) (possession of ammunition by a person prohibited from owning/possessing a firearm), including an enhancement under California Penal Code section 667.5(b) (prior prison term); and (2) petitioner's direct appeal of such judgment is currently pending in the California Court of Appeal. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial

notice of undisputed matters of public record including documents on file in federal or state courts). The Petition likewise reflects that petitioner challenges a November 3, 2017 conviction/judgment in San Bernardino County Superior Court/Rancho Cucamonga Case No. FWV17002750 for unlawful possession of ammunition and that his appeal therefrom is pending. (Petition at 1 [caption], 2 [responses to questions 1-4, 8], 3 [response to questions 9-10]). Accordingly, it is apparent that there are ongoing state judicial proceedings – a factor which weighs in favor of abstention. See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (only in most unusual circumstances is defendant entitled to have federal interposition by way of injunction or habeas corpus until after jury comes in, judgment has been appealed from and case concluded in state courts); Roberts v. Dicarlo, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (Younger abstention appropriate where petitioner's direct appeal pending in state court of appeal).

Second, states have an important interest in passing upon and correcting violations of a defendant's rights. See Roberts, 296 F. Supp. 2d at 1185 (citation omitted). Accordingly, this factor likewise weighs in favor of abstention.

Third, petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may have arisen during the proceedings. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (where vital state interests involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 253 (9th Cir. 1992) (doctrine of abstention precludes party from obtaining relief in federal court simply because party disagrees with result reached by state courts); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary). Thus, this factor also weighs in

favor of abstention.

Because all of the <u>Younger</u> requirements are satisfied, this Court must abstain and dismiss this action unless extraordinary circumstances exist. <u>See</u> <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 n.22 (1976) (<u>Younger</u> abstention not discretionary once conditions met); <u>World Famous Drinking Emporium, Inc. v. City of Tempe</u>, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of <u>Younger</u>, a district court must dismiss the federal action.") (citation omitted). Here, neither the claims asserted by petitioner, nor anything else in the record suggest the existence of extraordinary circumstances. <u>See</u> <u>Younger</u>, 401 U.S. at 45-46. Consequently, this Court must abstain from considering petitioner's challenge to the state judgment in issue and dismiss this action without prejudice.

**III. ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.

DATED: November 27, 2017

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:[2]

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.

4